IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEREK PAUL RAY, #01214049,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL NO. 3:16-CV-2322-L-BK |
| § | | |
| **LORIE DAVIS, Director, TDCJ-CID,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

In 1997, Petitioner entered a guilty plea to the charge of injury to a child under the age of 14 and was sentenced to 10 years' deferred adjudication probation (community supervision). *State v. Ray*, No. F96-51596, *Deferred Adjudication Order* (Crim. Dist. Ct. No. 2, Dallas Cty, Tex., Feb. 7, 1997). Subsequently, on October 30, 2003, his guilt was adjudicated and he was sentenced to 40 years' confinement. *Id.*, *Judgment Adjudicating Guilt*.[1] His conviction was affirmed on direct review and, although Petitioner secured an extension of time to file a petition for discretionary review, he did not file one. *Ray v. State*, No. 05-03-01726-CR, 2004 WL

---

[1] The state trial court's online docket sheet and copy of the *Deferred Adjudication Order* and *Judgment Adjudicating Guilt*, both docketed as "Criminal Minutes DC," are available by entering the case number (F9651596) at http://courtecom.dallascounty.org/publicaccess/ (last accessed May 9, 2017).

2580330 (Tex. App. – Dallas, Nov. 15, 2004, no pet.); *Ex parte Ray*, No. PD-1868 (Tex. Crim. App. 2004).2 On May 10, 2015, Petitioner unsuccessfully sought state habeas relief. *Ex parte Ray*, No. WR-83,568-01 (Tex. Crim. App. Sep. 16, 2015) (denying state habeas relief).3

On August 10, 2016, Petitioner filed this federal habeas petition challenging his conviction. Doc. 3. He asserts his guilty plea was not knowing and voluntary and that the state court failed to afford him *de novo* review of his claims. Doc. 3 at 6-7. As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period. Doc. 6; Doc. 7.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

### A. One-Year Statute of Limitations

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or

---

2 The appeal docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=05-03-01726-CR&coa=coa05 and http://search.txcourts.gov/Case.aspx?cn=PD-1868-04&coa=coscca (last visited May 9, 2017).

3 The state habeas docket sheets are available at http://search.txcourts.gov/Case.aspx?cn=WR-83,568-01&coa=coscca and by entering the case number (W9651596A) at http://courtecom.dallascounty.org/publicaccess/ (last accessed May 9, 2017).

the expiration of the time for seeking such review"). Since Petitioner did not pursue a direct appeal, his conviction became final on Monday March 10, 1997 -- 30 days after the state court's February 7, 1997 judgment deferring adjudication of guilt upon his guilty plea and sentencing him to a term of probation. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005) (a state court order of deferred adjudication community supervision is a final judgment that triggers the federal habeas limitations period under section 2244(d)(1)(A)); *see also Tharpe v. Thaler*, 628 F.3d 719, 723-25 (5th Cir. 2010) (reaffirming *Caldwell*'s holding and reconciling it with *Burton v. Stewart*, 549 U.S. 147 (2007)).

The one-year period, thus, expired one year later on March 10, 1998. Moreover, because Petitioner did not file his state application until May 10, 2015 -- more than 19 years after the one-year period expired -- he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Consequently, the federal petition deemed filed on August 8, 2016 is clearly outside the one-year statute of limitations absent equitable tolling.[4]

---

[4] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Because the petition is not dated, however, the court relies on the post-mark date. Doc. 3 at 10-19; Doc. 4 at 12.

### B. Equitable Tolling

Petitioner's pleadings cannot be read to even suggest the applicability of equitable tolling, apart from his assertion of actual innocence and reliance on the fundamental-miscarriage-of-justice exception. *See* Doc. 4 at 7, 10; Doc. 7 at 1. That notwithstanding, his filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *see also Menominee Indian Tribe of Wis. v. United States,* ___ U.S. ___, 136 S. Ct. 750, 755-56 (2016). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Moreover, "[e]quitable tolling should only be applied if the applicant diligently pursues § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Here, Petitioner did not pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). He squandered the entire one-year period, waiting more than 19 years after his deferred adjudication order first became final in 1997, before he filed his state habeas application on May 10, 2015. Petitioner also waited more than ten months after his state application was denied on September 16, 2015, before his federal petition can be deemed filed on August 8, 2016. These extended periods of inactivity clearly indicate a lack of due diligence.

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

**C. Actual Innocence and Fundamental Miscarriage of Justice**

Despite the fact that he pled guilty to injuring a child, Petitioner requests the Court to consider his actual innocence and to apply the fundamental miscarriage of justice exception. Doc. 4 at 7, 10; Doc. 7 at 1-3. In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013), the Supreme Court held that "a credible showing of actual innocence" not only satisfies the fundamental miscarriage of justice exception for state procedural default issues but also justifies an equitable exception to section 2244(d)'s limitations period. 133 S. Ct. at 1934. However, "tenable actual-innocence gateway pleas are rare." *Perkins*, 133 S. Ct. at 1928. Thus, to meet the threshold requirement, a petitioner must present new evidence in support of his claim and "'show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup*, 513 U.S. at 327). The actual innocence gateway is available only when a movant presents "evidence of innocence so strong that a court

cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 1936 (quotations and quoted case omitted).

In the case *sub judice*, Petitioner fails to present a credible claim of actual innocence. He presents no newly discovered evidence that would undermine this Court's confidence regarding the state court's finding of guilt. Doc. 7 at 1-3. Indeed, he does not allege, much less present, any specific facts showing that he was not guilty of the 1997 injury to a child offense to which he pleaded guilty. Rather he challenges the indictment claiming it "failed to allege an offense."[5] Doc. 7 at 2. He appears to allege that because the indictment failed to allege two of the four possible culpable mental states in Texas Penal Code § 22.04 – negligence and recklessness -- the indictment was defective. *Id.* Petitioner also claims that the above omission affected his "substantial rights" because he did not have "notice adequate to prepare his defense," thus rendering his guilty plea unknowing and involuntary. Doc. 7 at 3.

Thus, Petitioner has failed to present a credible claim of actual innocence by producing new evidence that is sufficient to persuade this Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 133 S. Ct. at 1928 (quoting Schlup, 513 U.S. at 329). Accordingly, the "actual innocence" exception is not applicable to this case, and Petitioner's federal petition should be dismissed as time barred.

---

[5] The state and federal petition purport raise the same assertion.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SIGNED** June 6, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE